WEIMER, J.,
dissenting.
liThe singular issue in this case, ie., whether the district court may inform the *829 jury of potential sentencing under the Habitual Offender Law, has no specific statutory law that may be consulted for its resolution. The Habitual Offender Law does not speak to the issue; neither does the Code of Criminal Procedure-at least not directly. Thus, the court is left with general legislative propositions for guidance. For example: “A court possesses inherently all powers necessary for the exercise of its jurisdiction .... It has the duty to require that criminal proceedings shall be conducted with dignity and in an orderly and expeditious manner and to so control the proceedings - that justice is done.” La. C.Cr.P. art. 17. See also La. C.Cr.P. art. 774 (indicating “the law applicable to the case” is a proper topic of argument at trial); and La. C.Cr.P. art. 802 (requiring the court to charge the jury “[a]s to the law applicable to the case”). It has long been recognized that pursuant to La. C.Cr.P. art. 17, discretion is afforded to courts in matters such as this one, in which courts are called on to regulate proceedings in the interest of justice and in the absence of more specific legislative guidance. See State v. Reeves, 268 La. 923, 269 So.2d 815, 816 (1972).
Un my view, there is simply not enough information to reach the majority’s conclusion that “a multiple offender bill is far too attenuated from the guilt phase of trial to be discussed before a jury.” State v. Guidry, 16-1412, slip op. at 15 (La. 3/14/17), 206 So.3d 199. What this court has been informed, by the district court, regarding the prospects of a multiple offender bill is this: “Although the filing of the multiple bill is optional with the state, if the allegations are proven, this court is unpersuaded that the state will not vigorously pursue the allegations set forth in a multiple bill so that the mandatory minimum could apply to defendant’s sentence.” Id., 16-1412, slip op. at 13 (reproducing an excerpt of the district court’s explanatory per curiam opinion).
During oral argument before this court, there was great debate-but no reference to record evidence-regarding the prevalence of multiple offender billing in this particular jurisdiction. In light of the district court’s remarks, I am unwilling to decide that the interests of justice, as described in La. C.Cr.P. art. 17, have not been served by the district court’s ruling.
I do not mean to imply that the issue here is simple. There are excellent arguments on either side of the issue of whether a court should have discretion to inform the jury of multiple offender sentencing, as recounted by the majority. The difficulty of the issue of informing the jury of a non-mandatory sentence was also foreshadowed by this court’s initial vacillation, before settling on the current rule in favor of allowing discretion, some 30 years ago. See State v. Jackson, 450 So.2d 621, 633-34 (La. 1984). Since that time, the legislature has not altered that rule, apparently finding no disagreement with this court’s determination to resolve the issue on a case-by-case basis with discretion afforded to the trial judge, who is most familiar with all the facts and circumstances. The utilization of habitual offender billing presents a different twist on this issue, but before straying too far from the | along-standing rule by essentially making a new, bright-line rule that removes discretion from trial judges without all the facts to justify such a rule, I believe it is important to know more information related to the utilization of the . multiple offender provisions.
Accordingly, I would remand this matter for an evidentiary hearing. Inasmuch as the majority has announced the standard of “attenuation” for deciding cases such as this one, both the prosecution and defense should be afforded the opportunity to make an evidentiary record as to whether *830 multiple offender adjudication is truly attenuated in this particular case. Absent such a hearing, we cannot fully evaluate how attenuated a multiple offender bill may- be here or whether the district court abused its discretion in ruling that the jury would be informed of sentencing under a multiple offender bill.
In conclusion, I do not disagree with the majority’s “attenuation” standard; I find that standard consonant with our prior jurisprudence allowing the exercise of discretion. However, I do not join that part of the.ruling that decides the attenuation issue without evidence, or that part of the ruling that appears to hold that a court never has discretion to disclose possible sentencing through a multiple offender bill. Remanding for an evidentiary hearing, in my view, would allow the district court to adjudicate this case under the newly announced attenuation standard and, as necessary, would allow more informed supervisory and/or appellate review. Thus, I respectfully dissent.